IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH A. MORELLO          :     CIVIL ACTION
                           :
     v.                    :
                           :
KENCO TOYOTA LIFT, et al.  :     NO. 09-4412


MEMORANDUM

McLaughlin, J.                          March 25, 2015

        This action arises from a forklift accident that

occurred in the warehouse of Jet Plastica Industries ("Jet

Plastica").  The plaintiff, Joseph Morello, filed suit against

Kenco Toyota Lift; Kenco Group, individually and d/b/a and/or

t/a Kenco Toyota Lift; Kenco Material Handling Solutions, LLC,

individually and d/b/a and/or t/a Kenco Toyota Lift

(collectively, "Kenco"); and Lift Truck Technologies, Inc.

(properly known as Lift Truck Techniques, hereinafter "LTT").

Morello brought seven claims against all four defendants: (1)

negligence; (2) strict liability 402A; (3) strict liability

402B; (4) liability under Restatement (Torts) § 293; (5) breach

of express warranty; (6) breach of implied warranty of

merchantability; and (7) breach of implied warranty and fitness

for a particular purpose.  Morello claims that the forklift

accident occurred because certain safety features, such as back-

up alarms, were not installed on the forklift, and argues that

1

the defendants should be liable because they failed to recommend said safety features to Morello's employer, Jet Plastica.

LTT has filed a motion for summary judgment.  In his response, Morello agrees that summary judgment should be granted as to Counts 2-7.  The Court accordingly grants the motion as to Counts 2-7.  The only claim remaining against LTT is the negligence claim.  The Court grants LTT's motion as to this claim because LTT did not owe any duty to the plaintiff.

I.    Summary Judgment Record

On July 26, 2007, Morello was injured while working at the warehouse of Jet Plastica.  A forklift, while backing up, ran over Morello's foot.  The forklift at issue was sold to Jet Plastica by Kenco in 2006.

LTT provides forklift repair services and is an authorized forklift dealer.  It did not sell any forklifts to Jet Plastica.  Starting in 2003 or 2004, LTT began to service Jet Plastica's forklifts.  LTT did not perform regularly scheduled maintenance on Jet Plastica's forklifts until 2008. Rather, LTT performed as-needed repairs on Jet Plastica's forklifts.  LTT did not repair or service the forklift that injured Morello until after Morello's accident.  Simpson Dep. 109:16-19, 111:15-113:13, 240:15-241:10, 261:9-11, 299:4-301:9.

Jet Plastica did not consult LTT when Jet Plastica purchased the forklift.  Before Morello's accident, Jet Plastica never asked LTT to provide safety inspections or recommendations for the forklifts, and LTT never provided such recommendations.  Simpson Dep. 87:5-19, 299:14-17; Simpson Decl.

II.  Summary Judgment Standard

Under Fed. R. Civ. P. 56, a party moving for summary judgment must show that there is no genuine issue as to any material fact and that judgment is appropriate as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once a properly supported motion for summary judgment is made, the burden shifts to the nonmoving party, who must set forth specific facts showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  Id. at 247-48.

III. Discussion

The parties agree that Pennsylvania law governs this state-law negligence claim.  Under Pennsylvania law, "[b]efore a

person may be subject to liability for failing to act in a given situation, it must be established that the person has a duty to act; if no care is due, it is meaningless to assert that a person failed to act with due care." Wenrick v. Schloemann-Siemag Aktiengesellschaft, 564 A.2d 1244, 1248 (Pa. 1989). It is a "fundamental premise that mere knowledge of a dangerous situation, even by one who has the ability to intervene, is not sufficient to create a duty to act." Id. Whether a defendant owes the plaintiff a duty is a question of law for the court. Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1366 (3d Cir. 1993). A duty to act may "arise from common law, by statute, and by contract." Emerson v. Adult Community Total Services, Inc., 842 F.Supp. 152, 155 (E.D. Pa. 1994) (citing Walker v. Pa. Co. for Ins. on Lives and Granting Annuities, 106 A. 795, 796 (Pa. 1919)).

Morello does not point to any statute creating a duty in this case. Similarly, there is no evidence supporting any contractual duty. LTT did not have a written contract with Jet Plastica, and the evidence shows that the oral contract between the two entities provided only that LTT would repair Jet Plastica's forklifts on an as needed basis. There is no evidence that LTT agreed to perform safety inspections or provide safety recommendations to Jet Plastica.

4

Finally, Morello has not pointed to any cases establishing a common law duty on the part of a repairman or servicer to provide warnings or safety recommendations to the owner of a vehicle.  Indeed, there are many cases holding that no duty is owed under similar circumstances.  See, e.g., Rotshteyn v. Agnati, S.P.A., 149 F.App'x 63, 65-66 (3d Cir. 2005); The Phoenix Ins. Co. v. West Jersey Air Conditioning and Heating Co., 2010 WL 4259174, *4-5 (E.D. Pa. Oct. 26, 2010); Blewitt v. Man Roland, Inc., 168 F.Supp.2d 466, 469-71 (E.D. Pa. 2001); Wenrick, 564 A.2d at 1248.  LTT had no affirmative duty to recommend safety features for Jet Plastica's forklift, and therefore cannot be held liable for negligence.

Morello makes several arguments in opposition to LTT's motion for summary judgment, none of which is persuasive. First, Morello argues that industry standards are relevant and admissible by a plaintiff to prove negligence, and that the question of industry standards are a question for the finder-of-fact.  Pl.'s Opp. 21 (citing Fox v. Keystone, 192 A. 116 (Pa. 1937); Birt v. Firstenergy Corp., 891 A.2d 1281, 1290 (Pa. Super. Ct. 2006); Dallas v. F.M. Oxford, Inc., 552 A.2d 1109, 1113 (Pa. Super. Ct. 1989); Kubit v. Russ, 429 A.2d 703, 707 (Pa. Super. Ct. 1981)).  The plaintiff's expert, Robert Loderstedt, opined that LTT "failed to comply with industry safety practices and industry standards by failing to

communicate and educate Jet Plastica that the forklifts" did not
have necessary safety equipment.  Pl.'s Opp. 17.

Although industry standards are admissible evidence in
negligence cases, they do not have bearing on the issue of
whether a duty was owed; rather, industry standards are
admissible on the issue of the standard of care.  Norton v. Ry.
Exp. Agency, Inc., 412 F.2d 112, 114 (3d Cir. 1969).  Industry
standards cannot be used to create a duty when none would
otherwise be owed.  See id.; see also Dallas, 552 A.2d at 1113
(holding that an industry standard was a question for the
finder-of-fact because the trial court had accurately stated the
duty owed).

Morello also argues that summary judgment should be
denied under the rule derived from Nanty-Glo v. Am. Sur. Co.,
163 A. 523, 524 (Pa. 1932), which states that summary judgment
cannot be granted if it would require the acceptance of self-
serving testimony of a moving party's witness.  This state-law
procedural rule is not applicable in federal court, as summary
judgment in federal court is governed by Fed. R. Civ. P. 56.
See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427
(1996) ("Under the Erie doctrine, federal courts sitting in
diversity jurisdiction apply state substantive law and federal
procedural law.")  Accordingly, similar arguments based on
Nanty-Glo have been roundly rejected by other federal district

6

courts.  See, e.g., Seeley v. Derr, 2013 WL 3776424, *3 (M.D. Pa. July 17, 2013); Schmidt v. State Farm Ins. Co., 2011 WL 4368400, *13 (W.D. Pa. Aug. 12, 2011).  In federal court, a motion for summary judgment can be granted based on uncontradicted self-serving testimony of a moving party's witness.

An appropriate order shall issue.