**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOSEPH A. MORELLO

Plaintiff

v.

KENCO TOYOTA LIFT, *et al.*

Defendants

KENCO LIFT, *et al*

Third-party Plaintifs

v.

TOYOTA INDUSTRIAL EQUIPMENT MANUFACTURING

Third-party Defendant

Civil Action
No. 09-4412-MAK

**ORDER**

AND NOW, this ___ day of ____________________, 2015, upon consideration of Plaintiff's Motion for Reconsideration of the Court's Order of October 8, 2015 Granting Summary Judgment (ECF Doc. No. 165) and Defendants' Response in Opposition (ECF Doc. No. __), it is ORDERED that the Motion is DENIED.

BY THE COURT:

______________________________
Mark A. Kearney
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH A. MORELLO<br><br>Plaintiff<br><br>v.<br><br>KENCO TOYOTA LIFT, *et al.*<br><br>Defendants | : | Civil Action<br>No. 09-4412-MAK |
| KENCO TOYOTA LIFT, *et al*<br><br>Third-party Plaintiffs<br><br>v.<br><br>TOYOTA INDUSTRIAL EQUIPMENT MANUFACTURING<br><br>Third-party Defendant | : | |

**DEFENDANTS KENCO TOYOTA LIFT, KENCO GROUP, INDIVIDUALLY and d/b/a/ KENCO TOYOTA LIFT, and KENCO MATERIAL HANDLING SOLUTIONS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF OCTOBER 8, 2015 GRANTING SUMMARY JUDGMENT**

Plaintiff has filed a Motion for Reconsideration that is untimely and without merit, and which the Court should deny accordingly. Under Local Rule of Civil Procedure 7.1(g), Plaintiff had until October 22, 2015 to ask the Court to reconsider its October 8, 2015 Order. He waited until November 6, 2015 and thus it is unquestionably untimely. Moreover, the Third Circuit Court of Appeals has spelled out the necessary predicates to support a motion for reconsideration: (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice. Plaintiff does not articulate which ground for reconsideration he is asserting, although by inference it would appear they are claiming a clear error of law by this Court, although he

does not specifically detail the error. Plaintiff's disagreement with this Court's analysis is not sufficient grounds to reconsider this Court's Order. Plaintiff is clearly using the Motion for Reconsideration as a vehicle to improperly re-raise and now modify arguments the Court has already considered and rejected. The law in this Circuit is clear that such motions are inappropriate and must be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter involves a forklift accident at a warehouse in 2007. Plaintiff alleges that Defendants Kenco Toyota Lift, Kenco Group, individually and d/b/a Kenco Toyota Lift, and Kenco Material Handling Solutions, LLC (collectively "Kenco") are liable for Plaintiff's alleged injuries because they sold the subject forklift to Plaintiff's employer, Jet Plastica. The crux of Plaintiff's claim against Kenco is that Kenco owed a duty to Jet Plastica to offer additional accessories, specifically back-up chimes and strobe lights, at the point of sale, and to educate the consumer about these accessories. Plaintiff claims Kenco's purported failure to offer or insist that Jet Plastica purchase said accessories, or educate the employer, was the proximate cause of Plaintiff's accident. Plaintiff asserted negligence, strict liability, and breach of warranty claims against Kenco.

After discovery, Kenco moved for summary judgment. (ECF Doc. No. 112). Kenco argued that Plaintiff could not sustain his claims because Kenco had no duty to educate Jet Plastica regarding the optional accessories available for the forklifts or to insist that Jet Plastica purchase optional accessories. Plaintiff opposed Kenco's Motion. (ECF Doc. No. 116). The Court held a lengthy oral argument on the motion, during which the issues of duty owed and standard of care were discussed extensively. (*See* ECF Doc. No. 147).

On October 8, 2015, the Court entered an Order granting Kenco's Motion in part and denying it in part. (ECF Doc. No. 152). The Court granted Kenco's Motion with respect to Plaintiff's claims for negligence, strict liability under § 402B, liability under Restatement (Torts) § 392, breach of express warranty, and breach of implied warranty and fitness for a

particular purpose. (*Id.*) The Court denied Kenco's Motion with respect to Plaintiff's claims for strict liability under § 402A and for breach of implied warranty of merchantability. (*Id.*) The Court ordered that those claims be considered by a jury, subject to the Court's ruling on pending motions *in limine* to preclude Plaintiff's expert witnesses. To that end, the remaining issue in this case is whether the product was defective as designed and manufactured without accessories. The Court made clear that Kenco owed no duty to educate or offer accessories. (Memorandum Opinion 8-9, ECF Doc. No. 151).

The Court thoroughly addressed all of Plaintiff's arguments in the opinion accompanying its Order. The Court considered – and rejected – Plaintiff's argument that Kenco owed Plaintiff a duty to "educate and inform the buyer that in light of the application and environment at Jet Plastica, the forklifts should have the required backup alarms, strobe lights and side view mirrors in order for the product to be safe." (*Id*. at 5) (quoting Plaintiff's Opp'n Br.) The Court made clear that it was distinguishing the threshold issue of whether Kenco owed Plaintiff a duty of care from what the standard of care would be *if a duty existed*. (*Id.* at 6). The Court rejected testimony from Plaintiff's proffered experts on industry standards to establish a duty, quoting from an earlier opinion in the case, "*Industry standards cannot be used to create a duty when none would otherwise be owed.*" (*Id.*).[1] Noting that Plaintiff failed to cite any authority under Pennsylvania law to support the alleged duty of care, the Court ruled that there is "no duty upon a machinery seller to educate and inform a manufacturing buyer as to optional safety devices . . . ." (*Id.* at 1).

On November 6, 2015, nearly a month after the Court entered its Order on Kenco's Motion for Summary Judgment, Plaintiff filed the instant Motion for Reconsideration. (ECF Doc. No. 165). Plaintiff argues that the Court somehow "conflated" the issues of duty and standard of care, even though the standard of care was not at issue in Kenco's motion for

---

[1] On March 25, 2015, the Court granted defendant Lift Truck Technologies, Inc.'s motion for summary judgment on Plaintiff's negligence claim, finding it had no duty to recommend safety features to Jet Plastica. Plaintiff never sought reconsideration of the March 25, 2015 Order and Opinion.

summary judgment, or Plaintiff's complaint or its opposition brief. (*Id.* at 5 n.3.) Plaintiff asks the Court to reconsider and vacate its October 8, 2015 Order. The Court should deny Plaintiff's Motion for the reasons that follow.

## II. LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration is an extraordinary remedy, and District Courts should grant them sparingly. *See In re Mushroom Direct Purchaser Antitrust Litig.*, 54 F. Supp. 3d 382, 386 (E.D. Pa. 2014) ("Because of the interest in finality courts should grant motions for reconsideration sparingly.") (quotation omitted).

A party cannot use a motion for reconsideration to get "a second bite at the apple." *Blunt v. Lower Merion Sch. Dist.*, 559 F. Supp. 2d 548, 574 (E.D. Pa. 2008) (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)); *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743-44 (E.D. Pa. 2007) ("[M]otions for reconsideration . . . may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.") (quotation omitted). Rather, a court may grant a motion for reconsideration only if the moving party shows an intervening change in the controlling law, the availability of new evidence that was not available when the court granted the contested motion, or the need to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III. ARGUMENT

Plaintiff's Motion is Untimely

In this District, Local Rule of Civil Procedure 7.1(g) and Rule 59(e) of the Federal Rules of Civil Procedure govern motions for reconsideration. *See Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002). Local Rule

7.1(g) specifies, "[m]otions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)." Rule 59(e) states "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Here, Plaintiff's Motion for Reconsideration is governed by Local Rule 7.1(g) *not* Rule 59(e).[2] Rule 59(e) applies only where a court has entered judgment. *See, e.g.*, *ATD-Am. Co. v. Krueger Int'l, Inc.*, No. 12-cv-00032, 2014 WL 3952848, at *10 (E.D. Pa. Aug. 12, 2014) (noting that Rule 59(e) did not apply because no final judgment had yet been entered in the action). It does not apply to interlocutory orders. And "[u]nder the Federal Rules, a partial summary judgment is a pretrial adjudication, interlocutory in character . . . ." *Kimble v. Morgan Props.*, No. 02-cv-9359, 2005 WL 2847266, at *3 n.4 (E.D. Pa. Oct. 25, 2005). As a result, Plaintiff's motion is subject to the 14-day time limit in Local Rule 7.1(g). *See Pellicano v. Blue Cross Blue Shield Ass'n*, 540 F. App'x 95, 97 n.4 (3d Cir. 2013) (noting that plaintiff's motion for reconsideration of partial motion to dismiss "was nothing more than an interlocutory motion . . . and, as such, did not call into play the timing and tolling considerations attendant upon motions to alter or amend judgment under Rule 59(e).") (quotation omitted).

---

2 Plaintiff's Motion is untimely under Rule 59(e) in any event. The Court entered its Order partially granting Kenco's Motion for Summary Judgment on October 8, 2015. (ECF Doc. No. 152.) Plaintiff did not file his Motion for Reconsideration until November 6, 2015 – 29 days after entry of the Court's Order. (*See* ECF Doc. No. 165.) Furthermore, because the 28-day deadline in Rule 59(e) runs from entry of judgment rather than from service, the three-day extension under Federal Rule of Civil Procedure 6(d) does not apply. *See Albright v. Virture*, 273 F.3d 564, 567 (3d Cir. 2001) ("[The 28-day deadline in Rule 59(e)] cannot be enlarged by [then] Rule 6(e), which permits a three-day extension to the time limit when such a limit begins to run from the date of service of notice."). Consequently, were Rule 59(e) to apply, Plaintiff would have had to file his motion by November 5, 2015, a deadline that "[a] court must not extend . . . ." Fed. R. Civ. P. 6(b)(2); *see also Kraus v. Consolidated Rail Corp.*, 899 F.2d 1360, 1362 (3d Cir. 1990) ("Rule 6(b) . . . explicitly provides that the district court may not extend the time for taking any action under Rule 59(e).") (quotation omitted).

Under Local Rule 7.1(g), Plaintiff had to file and serve any motion for reconsideration of the Court's October 8, 2015 Order by October 22, 2015.[3] Plaintiff did not file his Motion until November 6, some 15 days late. Plaintiff filed his Motion well beyond the time limit established for doing so. The Motion for Reconsideration is untimely "and can be denied for that reason alone." *Migliore v. Feria*, No. 11-cv-4018, 2015 WL 5582660, at *7 (E.D. Pa. Sept. 21, 2015); *see also Albert Einstein Med. Ctr. v. Physicians Clinical Servs., Ltd.*, No. 90-cv-3387, 1991 WL 280274, at *1 n.1 (E.D. Pa. Dec. 20, 1991) ("Thus, the motion [for reconsideration] is untimely and may be denied on that ground alone.").

The language of Local Rule 7.1(g) is mandatory (i.e., motions for reconsideration *shall* be filed within 14 days). Nevertheless, the Court "can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). "In other words, local rules are binding on the district court unless there is a justifiable reason to excuse their command." *United States ex rel. Streck v. Allergan, Inc.*, 288 F.R.D. 88, 91 (E.D. Pa. 2012).

There is no justifiable reason to excuse the 14-day deadline of Local Rule 7.1(g) here. First, Plaintiff has not given the Court *any* reason why his Motion was over two weeks late. Subsequent to the issued Opinion, the parties conducted a conference call with the Court to discuss scheduling a Daubert hearing on the remaining legal issue in the case (was the product defective as sold) and Plaintiff never disclosed he was filing a motion for reconsideration or that he needed additional time beyond the imposed deadline in order to file said motion. Parties cannot simply disregard filing deadlines then expect the Court to excuse their tardiness. *See, e.g.*, *Wilson v. King*, No. 06-cv-2608, 2010 WL 678102, at *4 n.5 (E.D.

---

3 Like the deadline in Rule 59(e), the deadline under Local Rule 7.1(g) runs from *entry* of the order concerned, not service. Therefore, the three-day extension under Rule 6(d) does not apply. Even if it did apply, Plaintiff's Motion would still be nearly two weeks late.

Pa. Feb. 24, 2010) ("Defendants should not infer from the denial of the motion to strike that the Court will tolerate the unexplained and careless disregard of deadlines in the future."). Furthermore, the trial date for the remaining claims in this case is fast approaching. The Court's most recent scheduling order requires the parties to exchange exhibit lists, file proposed jury instructions, and file pretrial memoranda within the next month. Plaintiff should not be permitted to sit on his hands then attempt to revive his dismissed claims in the midst of pretrial proceedings. Finally, Plaintiff is not without recourse. He can simply raise his disagreement with the Court's summary judgment ruling after trial by way of appeal. "Under these circumstances, it is not unfairly prejudicial for Plaintiff to simply wait his turn." *Streck*, 288 F.R.D. at 91; *see also, e.g.*, *Migliori v. Archie*, No. 11-cv-4018, 2014 WL 2738222, at *3 (E.D. Pa. June 17, 2014) (concluding that under the facts of the case "there is no sound rationale for department from Local Rule 7.1(g).").

Plaintiff's Motion is Meritless

Even were the Court to consider the merits of Plaintiff's untimely Motion, which it need not do, it should deny the Motion. Motions for reconsideration are properly granted under only three circumstances: (1) there has been an intervening change in the controlling law, (2) there is new evidence that was not available at the time the initial decision was rendered, (3) there is a need to correct a clear error of law or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d at 675. "[A] motion for reconsideration addresses only factual and legal matters that the Court may have *overlooked*." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (emphasis added). "It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly." *Id.* (quotation omitted). "Nor may a motion for reconsideration be used to revisit or raise new issues with the benefit of the hindsight provided by the court's analysis . . . ." *Mitchell Chartock & Tikico v. Amtrak*, No. 14-cv-2327, 2015 WL 6180977, at *2 (E.D. Pa. Oct. 21, 2015) (quotation omitted).

This is exactly what Plaintiff's Motion seeks to do. With this Honorable Court having rejected Plaintiff's theory that Kenco owed a duty to "educate and inform," Plaintiff takes a new approach. Now, apparently attempting to trigger the "need to correct a clear error of law" prong, Plaintiff insists that the only duty the Court had to consider was whether Kenco had a duty to sell a reasonably safe product. (ECF No. 165 at 2.) Of course, Plaintiff offers no factual or case law support to suggest the Opinion as written contains a clear error of law. More importantly, Plaintiff cannot now manufacture an "error of law" argument based on purported allegations that were never alleged or pursued to begin with. Namely, it was not alleged in Plaintiff's complaint, nor was it the focus of any depositions in this case, nor was it the foundation of any of Plaintiff's experts' opinions that Kenco breached a standard of care by selling a product that was not safe as designed. Indeed, they have always alleged the opposite. Plaintiff has repeatedly argued that Kenco was at fault because the product became defective only after it was placed in a certain environment, and they blamed Kenco for not educating the consumer about accessories at the point of sale, before the product was placed into the environment. Plaintiff's experts all focus on the point of sale exchange with Jet Plastica, and all (albeit improperly) give an opinion that Kenco owed duty to educate and to offer accessories and that the product became defective once in the Jet Plastica environment. For example, Plaintiff's expert reports state:

- "Kenco sold to the end user, Jet Plastica a dangerous and defective forklift as it was sold without the required safety items to make the forklift safe **in the environment for which it was to be used at Jet Plastica**." (Loderstedt Rpt. p. 10, ECF Doc. No. 150-2.) (emphasis added)
- "Kenco failed to comply with industry standards and practices to communicate and educate Jet Plastica of the necessary safety items which were required **to make the forklifts safe at Jet Plastica** which would include back up alarms, strobe lights and rear view mirrors." (Loderstedt Rpt. p. 11) (emphasis added).
- "Kenco violated industry standards and industry practices by failing to communicate the pros and cons of having the required safety items such as back up alarms, strobe lights and rearview mirrors as part of the necessary safety equipment **with respect to the environment at Jet Plastica**." (Loderstedt Rpt. p. 11) (emphasis added).
- "Kenco's failing to comply with industry standards and practices of communicating the necessary safety items required **for the specific application at Jet Plastica** …

was a significant contributing factor in Mr. Morello's accident." (Loderstedt Rpt. p. 11) (emphasis added).

- "Kenco Toyota Lift sold a Toyota 7FBCU15 forklift that was defective because it lacked safety devices necessary to protect workers from hazardous conditions **in the Jet Plastica warehouse**. (Cocchiola Rpt., ECF p. 16, ECF Doc. No. 150-3) (emphasis added).
- "[Kenco had] a duty to communicate and educate the customer as to the necessary required safety items which should be part of the forklift for it to be safe and to discuss the pros and cons with respect to such safety items." (Loderstedt Rpt. p. 9).

Despite his former stance that Kenco owed a duty to educate Jet Plastica, Plaintiff now argues that the "educate and inform" piece goes to the standard of care on his negligence claim rather than to the duty of care. This argument is not an argument to correct a clear error of law – it is a change in tactics. In addition, this argument was previously analyzed by the Court in connection with co-defendant Lift Truck Technologies, Inc.'s summary judgment motion. Telling, Plaintiff did not seek reconsideration of the Order, where the Court held that "*Industry standards cannot be used to create a duty when none would otherwise be owed.*" That holding is exactly what Plaintiff is now seeking this Court to reconsider.

In moving the Court for summary judgment, Kenco cited case law in which courts analyzed whether a product seller has a duty to educate or compel a buyer to purchase optional safety accessories. (*See* Mem. Mot. Summ. J. 17, Doc. No. 112-2.) These decisions were made at the duty stage, *not* the standard of care stage. *See, e.g. Weiss v. Rockwell Mfg. Co.*, 293 N.E.2d 375, 379 (1973) (finding that manufacturer had no duty to "confer with every prospective buyer and make a judgment, at his peril, of what the buyer needed."). The Court agreed with these decisions in partially granting Kenco's Motion for Summary Judgment.

Plaintiff does not point to any case that is contrary to the Court's decisions in this case, both as to Kenco and Lift Truck Technologies, Inc. so as to show that the Court made a clear error of law. Rather, Plaintiff improperly, and without any new evidence or case law support simply contends that the Court was wrong in failing to find a duty on the part of

Kenco. Plaintiff's argument shows nothing more than a dissatisfaction of the Court's ruling. However, while Plaintiff may be dissatisfied with the Court's ruling, "[d]issatisfaction with the Court's ruling is not a proper basis for reconsideration." *Roofers Local No. 30 Combined Pension Fund v. D.A. Nolt, Inc.*, 719 F. Supp. 2d 530, 554 (E.D. Pa. 2010); *see also Wilson v. IESI N.Y. Corp.*, 444 F. Supp. 2d 298, 302 (M.D. Pa. 2006) ("Mere disagreement with the court does not translate into a clear error of law."); *Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994) ("Courts in this circuit recognize that any litigant considering bringing a motion to reconsider based upon the third ground should evaluate whether what may seem to be clear error of law is in fact simply a disagreement between the Court and the litigant.") (quotation omitted).

Indeed, courts consistently reject motions for reconsideration that do nothing more than attempt to give the moving party a "second bite at the apple." *See, e.g.*, *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 639 (E.D. Pa. 2010) ("[A] motion for reconsideration is not properly grounded on a request that a court rethink a decision already made."); *Borough of Lansdale v. PP&L, Inc.*, 503 F. Supp. 2d 730, 734 (E.D. Pa. 2007) (denying motion for reconsideration that "merely seeks to rehash the same issues [that] [t]he court already considered . . . ."); *Carlson v. SEi Corp.*, No. 98-cv-4326, 1999 WL 124410, at *1 (E.D. Pa. Mar 5, 1999) ("A motion for reconsideration is not an opportunity to take a second bite at the apple simply because a party does not agree with the court's prior decision."); *Allianz Ins. Co. v. Pa. Orthopedic Assocs., Inc.*, No. 96-cv-7470, 1998 WL 512940, at *2 (E.D. Pa. Aug. 18, 1998) ("The defendants either rehashed old arguments or made wholly new and unfounded arguments to this Court in their motion for reconsideration. This attempt at a second bite of the apple is an abuse of the mechanism of reconsideration, and the Court is disappointed by the consequent waste of valuable judicial resources . . . ."); *see also, e.g.*, *Boone v. Daughtery*, No. 2:12-cv-1333, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) ("Plaintiff continues to advance the same arguments that he made in response

to the Motions for Summary Judgment. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple.”).

Plaintiff already presented his arguments once and failed to persuade the Court that Kenco owed a duty of care to educate and inform Jet Plastica. He cannot simply ask the Court to revisit that decision through a motion for reconsideration. The Court should deny the motion accordingly.

## IV. CONCLUSION

Plaintiff’s Motion for Reconsideration is untimely under Local Rule 7.1(g), and there are no compelling reasons to excuse Plaintiff’s failure to adhere to that deadline. Additionally, Plaintiff’s Motion is a transparent attempt to have the Court rethink a decision it has already made. That is not the purpose of a motion for reconsideration. The Court should deny Plaintiff’s Motion.

Respectfully submitted.

COZEN O’CONNOR

BY: */s/ Paul K. Leary, Jr.*

Paul K. Leary, Jr., Esq.
Andrea E. Hammel, Esq.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-6911
pleary@cozen.com

*Attorneys for Defendants,*
*Kenco Toyota Lift, Kenco Group d/b/a*
*Kenco Toyota-Lift and*
*Kenco Material Handling Solutions, LLC*

Dated: November 18, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2015, I filed the foregoing Response in Opposition to Plaintiff's Motion for Reconsideration via the Court's ECF system, thereby serving a copy upon all counsel of record.

*/s/ Paul K. Leary, Jr.*
Paul K. Leary, Jr.